IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WATSON, II, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-031-RGA |
| DELAWARE PSYCHIATRIC CENTER et al., | : |
| Defendants. | : |

David M. Watson, II, Delaware Psychiatric Center, New Castle, Delaware. Pro Se Plaintiff.

# MEMORANDUM OPINION

June 30, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff David M. Watson, II, an inmate at the Delaware Psychiatric Center in New Castle, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). Plaintiff requests counsel. (D.I. 4). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges denial of access to the courts and counsel, as well as retaliation, in violation of the First, Sixth, and Eighth Amendments to the United States Constitution. Defendants Teresa Davis and Captain Draper are sued in their official and individual capacities. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and

1

take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

2

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff names as defendants the Delaware Psychiatric Center-Jane E. Mitchell Building and the Delaware Department of Health and Social Services. He also sues Davis and Draper in their official capacities.

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its Eleventh Amendment immunity. *Jones v. Mirza*, 685 F. App'x 90, 92 (3d Cir. 2017).

Delaware Psychiatric Center, as a section of the Delaware Division of Substance Abuse and Mental Health, is a state agency and thus is entitled to immunity under the Eleventh Amendment. *Id.* The Delaware Department of Health and Social Services

3

also has immunity under the Eleventh Amendment. *Gresham v. Delaware Dep't of Health & Soc. Servs.*, 821 F. App'x 146, 150 (3d Cir. 2020).

As to the official capacity claims against Davis and Draper, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his or her official capacity are barred by the Eleventh Amendment. *See id.* The Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted).

Here, Plaintiff seeks injunctive relief against Defendants "banning the unnecessary intrusion of privileged communications and legal mail." (D.I. 2 at 7). The Complaint alleges that Draper was present during numerous attorney/client visits and that the subordinates of Davis carried out a policy ordered by Delaware Psychiatric Center-Jane E. Mitchell Building, the Delaware Department of Health and Social Services, and Davis. In light of the allegations against Draper and Davis, the official capacity claims will be dismissed to the extent that Plaintiff seeks monetary damages from them in their official capacities. Delaware Psychiatric Center-Jane E. Mitchell Building and the Delaware Department of Health and Social Services are immune from suit and will be dismissed as defendants.

The Complaint attempts to raise claims under the Federal Rules of Evidence and the Delaware Rules of Evidence. Neither provide for a private cause of action. Therefore, the claims will be dismissed as legally frivolous.

Plaintiff has alleged what appear to be cognizable and non-frivolous claims against Davis and Draper.

Finally, Plaintiff requests counsel. (D.I. 4). The request will be granted.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss Defendants Delaware Psychiatric Center-Jane E. Mitchell Building and the Delaware Department of Health and Social Services pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as they are immune from suit; (2) dismiss the official capacity claims against David and Draper seeking monetary damages as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (3) dismiss the claims raised under the Federal Rules of Evidence and the Delaware Rules of Evidence as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (4) allow Plaintiff to proceed against Davis and Draper; and (5) grant Plaintiff's request for counsel.

An appropriate Order will be entered.